UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **EEON, RONNIE, AND SUNSHINE KAHAPEA,** *et al.*, | ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Miscellaneous Action 23-mc-00012 (TSC) |
| **FEDERAL RESERVE BOARD,** *et al.*, | ) ) ) | |
| Respondents. | ) ) ) ) | |

## MEMORANDUM OPINION

*Pro se* Petitioner Brett Jones filed this miscellaneous action purportedly on behalf of himself, seven additional named petitioners, and "other real parties in interest," against five named Respondents and "Doe Respondents 1 through 1000." *See* Pet. for Stay, ECF No. 1 at 1. For the reasons set forth below, the court will dismiss this action *sua sponte* without prejudice.

### I.   BACKGROUND

The nature of Jones' claims is unclear. The petition appears to assert that this action involves, *inter alia*, "a foreclosure proceeding to evict a party," as well as "[t]he unlawful trading of mortgages and promissory notes on the financial markets." ECF No. 1 at 11–12. He asks that "the rules of the court" be "suspended throughout this proceeding." *Id.* at 14. The relief Jones seeks includes "[a] stay of the nonjudicial foreclosure proceedings and collections until this matter can be fully resolved," "[a]n enforcement of the administrative order requiring the Respondents to follow the laws

and regulations governing the Nonjudicial Foreclosure Act," and "[a] referral to the Attorney General's office for investigation of any criminal conduct and/or war crimes committed by the Respondents in relation to this matter." *Id.* at 34. Jones did not provide the court with an address for the petitioners, but contends that "this Court holds jurisdiction to hear the present matter" because it "fall[s] under the regulatory purview of the Federal Reserve, headquartered in Washington, D.C." *Id.* at 19.

## II.   ANALYSIS

A district court "may *sua sponte* dismiss a claim pursuant to Rule 12(b)(6) without notice where it is patently obvious that the plaintiff could not possibly prevail based on the facts alleged in the complaint." *Jafari v. United States*, 83 F. Supp. 3d 277, 279 (D.D.C.), aff'd, 621 F. App'x 676 (D.C. Cir. 2015) (citing *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 127 (D.C. Cir. 2012)) (internal quotations and brackets removed). "The Court is mindful that a *pro se* litigant's complaint is held to a less stringent standard than formal pleadings drafted by lawyers." *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987) (citing *Redwood v. Council of the District of Columbia,* 679 F.2d 931, 933 (D.C. Cir. 1982); *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972)). But this standard "does not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure or expect the Court to decide what claims a plaintiff may or may not want to assert." *Jarrell*, 656 F. Supp. at 239 (citations omitted).

Federal Rule of Civil Procedure 8(a) requires that complaints contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In other words, Rule 8(a) requires that the plaintiff "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (holding that the complaint must contain enough "factual matter" to suggest

liability) (citation and alterations omitted).  In other words, a plaintiff must assert enough facts to give the defendant "fair notice of the claim being asserted so as to permit the [defendant] the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable."  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) (citation omitted).

Jones' petition does not meet the Rule 8 pleading standard.  His factual allegations are unclear—as is the legal theory ostensibly providing the basis for the petition.  Thus, he has not given the Respondents "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

Further, it is unclear that this court is the proper venue for this case.  *See* 28 U.S.C. § 1391(b).[1]  Jones named the Federal Reserve Board in his petition.  However, there is no indication that the other respondents are also located in the District of Columbia or that any events occurred in the district.

Moreover, it appears that this case may have been improperly filed as a miscellaneous case.  Miscellaneous cases include "(a) actions to perpetuate testimony as in Rule 27, Federal Rules of Civil Procedure; (b) actions to enforce administrative subpoenas and summonses; (c) proceedings ancillary to an action pending in another district; (d) supplementary proceedings brought in aid of execution; (e) motions for return of property in criminal

---

[1]  Section 1391(b) provides that

> [a] civil action may be brought in . . . (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction ....

proceedings; and (f) requests for judicial assistance." *Matter of Leopold to Unseal Certain Elec. Surveillance Applications & Ords.*, 300 F. Supp. 3d 61, 69, n.4 (D.D.C. 2018) (citing LCvRs 40.3(a)(1) n.1, 57.10(a)(1) n.3). Further, miscellaneous cases may "relate[] to a bankruptcy case or proceeding," *id.* (citing LCvR 403.3(c)(2)(iii)), may include a "motion or application filed in connection with a grand jury subpoena or other matter occurring before a grand jury," *id.* (citing LCrR 6.1), and may include "[a]ny news organization or other interested person, other than a party or a subpoenaed witness, who seeks relief relating to any aspect of the proceedings in a criminal case." *Id.* (citing LCrR 57.6). Assuming, *arguendo*, that Jones intended to address a foreclosure proceeding, a miscellaneous action is not the proper judicial vehicle to resolve this dispute.

Finally, while Jones may appear *pro se*, he is not authorized to seek relief on behalf of other litigants. *See* 28 U.S.C. § 1654 ("[P]arties may plead and conduct their own cases personally or by counsel."); *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (rejecting *pro se* party's attempt to represent other parties).

### III.   CONCLUSION

For the reasons set forth above, this court will dismiss this action *sua sponte* without prejudice.

Date:  March 2, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge